UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| FELTON AND LUCILLE BRADLEY | CIVIL ACTION |
| VERSUS | NO: 07-3748 |
| ALLSTATE INSURANCE COMPANY | SECTION: "S" (3) |

### ORDER AND REASONS

**IT IS HEREBY ORDERED** that Allstate Insurance Company's motion for partial summary judgment is **GRANTED** on the claim for additional living expenses incurred in Alabama, the claim and for loss of contents, and the claim for bad faith related to the claim for additional living expenses and loss of contents. The motion for partial summary judgment is **DENIED** as to the claim for additional living expenses related to the lease payments in Georgia. (Document #134 (treating doc. 67 and doc. 68 as summary judgment motions .)

**IT IS FURTHER ORDERED** that the court *sua sponte* **GRANTS** summary judgment in favor of the defendants on the claim for additional living expenses for lease payments on their apartment in Georgia.

**IT IS FURTHER ORDERED** that the plaintffs' motion to reconsider rulings on Allstate's motions for partial summary judgment on various issues is **DENIED**. (Document

#138.)

**IT IS FURTHER ORDERED** that the plaintiffs' motion for partial summary judgment on the issue of coverage (Document #137) is **DENIED AS MOOT**. (See Document # 38.)

### I. BACKGROUND

The residence of Felton and Lucille Bradley, located at 2637 Tennessee Street, New Orleans, Louisiana, sustained flood and wind damage as a result of Hurricane Katrina. The property was insured under a homeowner's policy issued by Allstate Insurance Company (Allstate) with policy limits of $105,600 for the dwelling, $73,920 for the contents, and $10,560 for other structures. The Bradleys notified Allstate of their loss and filed a claim. Allstate sent a representative to evaluate and adjust the loss.

The Bradleys received the policy limits of $63,800 for structural damage, and $6,200 for contents from their flood insurer, Fidelity National Insurance Company. Allstate has paid $41,339.06 for structural damage and $10,632 for contents under its homeowners policy.

The Bradleys viewed Allstate's calculation of the value of the loss as significantly less that the value of the damages and the necessary repairs. The Bradleys filed a petition for damages and declaratory judgment in Civil District Court for the Parish of Orleans, State of Louisiana. They allege that they are entitled to the total face amount of the homeowner's policy without deduction or offset, pursuant to Louisiana Value Policy Law (VPL), La. Rev. Stat. 22:695; Allstate breached the contract of insurance; and Allstate acted in bad faith. Allstate removed the case to federal court based on diversity jurisdiction. Allstate filed a motion for

2

partial summary judgment on the issue of flood offset, a motion for summary judgment on the Bradleys' claims under Louisiana Value Policy Law (VPL), and a motion for partial summary judgment on the claims under La. Rev. Stat. 22:658.

On July 25, 2008, the court issued an order denying the motion for partial summary judgment on claims for uncompensated structural losses, granting the motion on claims under Louisiana Value Policy Law, and granting in part and denying in part the motion on whether the pre-amendment version of La. Rev. Stat. 22.658 applies. On December 2, 2008, the court issued an order granting the renewed motion for partial summary judgment on the issues of uncompensated losses for structural damage, bad faith damages related to structural damage, and damages for mental and physical distress.

The plaintiffs filed a motion for reconsideration of all of the court's orders. The motion for reconsideration is denied. The plaintiffs have not presented arguments that have not previously been addressed.

The plaintiffs also filed a motion for partial summary judgment on the issue of coverage for a total loss. The motion is denied as moot because the court disposed of the issue of a "total loss" in a previous motion for partial summary judgment (document #38).

The trial was continued from December 8, 2008, to address only the issues of loss for contents and additional living expenses. Leave has not been granted to file any additional motions. On December 5, 2008, the court ordered that Allstate's motions *in limine* regarding additional living expenses and loss of contents shall be treated as motions for partial summary judgment and instructed the parties to file additional memoranda and exhibits. The court now

considers the motions for partial summary judgment.

## II. DISCUSSION

**A.  Summary judgment standard**

Summary judgment is proper when, viewing the evidence in the light most favorable to the non-movant, "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Amburgey v. Corhart Refractories Corp., 936 F.2d 805, 809 (5th Cir. 1991); Fed. R. Civ. P. 56(c).  If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the non-moving party to produce evidence of the existence of a genuine issue for trial.  Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  The nonmovant cannot satisfy the summary judgment burden with conclusory allegations, unsubstantiated assertions, or only a scintilla of evidence.  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  A fact is "material" if its resolution in favor of one party might affect the outcome of the lawsuit.  Anderson v. Liberty Lobby, Inc., 106 S.Ct. 2505, 2510 (1986).  An issue is "genuine" if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party.  Id.  If the opposing party bears the burden of proof at trial, the moving party does not have to submit evidentiary documents to properly support its motion, but need only point out the absence of evidence supporting the essential elements of the opposing party's case.  Saunders v. Michelin Tire Corp., 942 F.2d 299, 301 (5th Cir. 1991).

**B.  Additional living expenses and related bad faith claims**

Allstate contends that the plaintiffs have not presented evidence to support the claim for additional living expenses above their normal baseline costs.  Specifically, Allstate argues that the plaintiffs did not provide any facts in their answers to interrogatories, deposition testimony, or documentary evidence to support a claim for additional living expenses.

The Allstate policy provides for additional living expenses as follows:

> We will pay the reasonable increase in living expenses necessary to maintain your normal standard of living when a direct physical loss we cover under Coverage A–Dwelling Protection, Coverage B–Other Structures Protection of Coverage C–Personal Property Protection makes your residence premises uninhabitable.

Felton Bradley testified in his deposition that, when they evacuated for the storm, he and his wife initially went to a relative's home in Alabama.  Allstate advanced $850 to the Bradleys shortly after the evacuation.  After approximately two or three weeks, the Bradleys  moved to Phenix City, Alabama, and lived in a hotel that was paid by FEMA for two weeks.  The Bradleys then moved to an apartment in Phenix City, Alabama, provided for Katrina victims, where they lived for three or four months.  The Bradleys present documentary evidence that they participated in a Section 8 housing assistance program and received $179 toward their rent, beginning on September 20, 2005.  The out-of-pocket cost for rent was $280 per month, and FEMA reimbursed the Bradleys for two months of rent payments.  The Bradleys also received $2,000, which FEMA awarded to Katrina victims.

The evidence establishes that the Bradleys have been adequately compensated for extra living expenses through the time they were in Alabama.  There are no disputed issues of material

fact, and Allstate is entitled to judgment as a matter of law on the claim for additional living expenses while the Bradleys were in Alabama.

The Bradleys then moved to Columbus, Georgia, and rented an apartment.  The Bradleys present a "Lease for Residential Property" dated February 8, 2006, for a term of 12 months, beginning on March 1, 2005,[1] and ending February 28, 2006, with a monthly rent of $600.  Felton Bradley supported the family by working as a bus driver on a military base before he was diagnosed with colon cancer.

The Bradleys testified that they returned to New Orleans in June 2007.  Lucille Bradley testified in her deposition that they paid off the mortgage on their home on Tennessee Street when they received their flood insurance settlement and purchased a home, using the balance of the flood insurance proceeds as a down payment.

The Bradleys have put forth adequate summary judgment evidence of additional expenses in the amount of $7,200, representing $600 a month rent for 12 months while they lived in Columbus.  The court *sua sponte* grants summary judgment in favor of the Bradleys on their claim for $7,200 in additional living expenses.  See General Retail Serv., Inc. v. Wireless Toyz, 255 Fed. Appx. 775, 783 (5th Cir. 2007) ("Indeed, a district court is empowered to enter summary judgment *sua sponte*.")  There is no prejudice to the defendant in the grant of summary judgment because the court advised the parties that Allstate's motion *in limine* would be treated as a motion for partial summary judgment and ordered them to file all additional evidence related to the Bradleys' additional living expenses.

---

[1] Presumably, the dates should be March 1, 2006 and February 28, 2007.

The Bradleys have not established that Allstate acted in bad faith in failing to pay the additional living expenses for the apartment in Alabama because they did not present evidence of the additional living expenses in a timely manner. Accordingly, Allstate is entitled to judgment as a matter of law on the claims for bad faith related to the claims for additional living expenses. See Clausen v. Fidelity and Deposit Co. of Maryland, 660 So.2d 83, 85 (La. Ct. App. 1995).

**C. Loss of contents**

Allstate contends that the Bradleys have not provided evidence to support a claim for loss of contents under the homeowner's policy. The Bradleys initially filed a claim for $36,378, which included *inter alia* loss of jewelry, two flat-screen televisions, digital recording equipment, DVD equipment, VCRs, computers, leather jackets, and a mink coat which they placed in the attic prior to evacuating. Felton Bradley signed a "Personal Property Inventory Loss Form" for that amount on February 20, 2006. See exh. E. Lucille Bradley testified that they were unable to obtain verification for many of the items on the list. During discovery in this law suit, the plaintiffs stated in their response to interrogatory No. 13 that the claim for loss of contents was $14,877. Allstate paid $10,632.43, which represents the amount claimed less depreciation. See exh. D.

The Bradleys argue in a conclusory manner that there are disputed issues of material fact concerning loss of contents that preclude summary judgment. However, they have not put forth evidence of the ownership and value of the specific items claimed, but not yet paid.

Accordingly, the Bradleys have not established that there is a genuine issue for trial, and Allstate is entitled to judgment as a matter of law on the claim for loss of contents. Because the

7

Bradleys have not established a valid, underlying, substantive claim for loss of contents, Allstate is entitled to judgment as a matter of law on the claim for bad faith related to the contents claim. See Clausen v. Fidelity and Deposit Co. of Maryland, 660 So.2d at 85.

New Orleans, Louisiana, this  19th  day of December, 2008.

_____
**MARY ANN VIAL LEMMON
UNITED STATES DISTRICT JUDGE**